UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:09CV2897 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| LEROY H. BAKER, JR. d/b/a | ) | **REPORT AND RECOMMENDATION** |
| SUGARCREEK LIVESTOCK | ) | **OF MAGISTRATE JUDGE** |
| AUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The instant matter is before the undersigned on a motion for summary judgment filed by Plaintiff United States of America ("Plaintiff"). ECF Dkt. #20. For the following reasons, the undersigned recommends that the Court GRANT the motion.

## I.   PROCEDURAL HISTORY

On December 15, 2009, Plaintiff filed a complaint in this Court against Defendant Leroy H. Baker, Jr., doing business as "Sugarcreek Livestock Auction, Inc." ("Defendant") seeking to collect fines, penalties and interest arising under the enforcement of the Commercial Transportation of Equine for Slaughter Act, 7 U.S.C. §1901 ("CTESA") and 9 C.F.R. § 88, et seq. ("the Regulations"). ECF Dkt. #1 at 1.

Plaintiff alleges in the complaint that the United States Department of Agriculture ("USDA") imposed fines against Defendant for violating the CTESA and the Regulations between March 31, 2003 and January 7, 2007. ECF Dkt. #1 at 2. Plaintiff further alleged that the USDA Animal and Plant Health Inspections Administrator ("the Administrator") filed an Administrative Complaint against Defendant under the Regulations for violations of the CTESA and properly served Defendant. *Id.* at 2. Plaintiff alleged that Defendant failed to file an answer to the Administrative Complaint and the Administrator thereafter filed a Proposed Default Decision and Order against Defendant and a Motion for Adoption of the Proposed Decision. *Id.* Plaintiff stated that a USDA

Administrative Law Judge ("USDA ALJ") issued a Default Decision and Order on October 1, 2008 entering judgment against Defendant and ordering him to pay a civil penalty in the amount of $162,800.00. *Id.* Plaintiff avers that this decision was properly served upon Defendant and he appealed the decision to a USDA Judicial Officer, who rejected the appeal and affirmed the decision on November 17, 2008. *Id.* Plaintiff indicates that Defendant filed a petition for reconsideration of the USDA Judicial Officer's order and the Judicial Officer denied the petition on December 15, 2008 and affirmed his prior order. *Id.* at 2-3. Plaintiff explains that the Judicial Officer's December 15, 2008 decision ordered Defendant to pay the civil penalty of $162,800.00 within sixty days of the date that Defendant received service of the order. *Id.* at 3. Plaintiff avers that the December 15, 2008 order was properly served on Defendant on December 17, 2008 and due demands have been made unsuccessfully for the principal sum of $162,800.00 plus interest. *Id.*

Plaintiff demands judgment against Defendant in the amount of $162,800.00, the principal sum, plus interest in the amount of $3,527.00 which had accrued through November 3, 2009, an additional penalty pursuant to 31 U.S.C. § 3717(e)(2) for failure to timely pay in the amount of $6,294.33, which accrued through November 3, 2009, and the costs of the suit. ECF Dkt. #1 at 3.

On January 5, 2010, Defendant answered the complaint pro se, stating in one line that he denied all allegations brought against him by Plaintiff. ECF Dkt. #4.

The undersigned held a Status Conference on June 1, 2010 regarding a motion to compel discovery filed by Plaintiff against Defendant with regard to Plaintiff's first and second sets of discovery requests, which included a request for admissions. ECF Dkt. #15. Defendant failed to appear at this conference. On June 21, 2010, the undersigned granted Plaintiff's motion to compel discovery and issued an Order requiring Defendant to answer or object to Plaintiff's first and second set of discovery requests by July 1, 2010. ECF Dkt. #16. The undersigned indicated that if Defendant did not respond by July 1, 2010, Plaintiff's requests for admissions would be deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure. *Id.* Defendant never responded to the discovery requests.

On July 21, 2010, Plaintiff filed the administrative record with regard to the instant case. ECF Dkt. #19. On July 22, 2010, Plaintiff filed a motion for summary judgment. ECF Dkt. #20.

-2-

As of this date, Defendant has not filed a response to the motion.

## II.   STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

**III.    ANALYSIS**

Where, as here, a motion for summary judgment is unopposed, the district court at a minimum must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir.1992); *see also* L.R. 7.1(d) ("Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion. . . If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d)."). The trial court must intelligently and carefully review the legitimacy of the motion, considering the possibility of evidentiary misstatements by the moving party and keeping in mind the context in which the evidence arose. *Guarino*, 980 F.2d at 407.

Notwithstanding the foregoing, the trial court properly relies on the facts provided by the moving party once the court is satisfied that the movant has not misrepresented the facts as established by the record as a whole. *Guarino*, 980 F.2d at 404-09. The Sixth Circuit has explained that nothing in the Federal Rules of Civil Procedure or case law supports an argument that the district court must conduct its own probing investigation of the record in order to discover an issue of material fact when a summary judgment motion is unopposed. *Id.* at 405-06 (holding that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion"). Thus, the district court is justified in relying on uncontested facts set forth in a summary judgment motion. *Id.* at 404-09.

In this case, the undersigned has reviewed the motion of Plaintiff and applied the above-stated standard. In doing so, the undersigned recommends that the Court find that no genuine issue of material fact exists and Plaintiff is entitled to judgment as a matter of law.

Plaintiff moves for summary judgment on the enforcement of the civil penalty assessed against Defendant. Plaintiff first asserts that the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. § 3001, et seq., authorizes it to pursue enforcement and collection of the civil

penalty assessed against Defendant. ECF Dkt. #20-1 at 6. The undersigned recommends that the Court find that Plaintiff is correct as sections 3001(a) and (b) of Title 28 of the United States Code provide in relevant part that so long as another federal law does not specify procedures for recovering on a claim or a judgment for a debt, 28 U.S.C. § 3001, et seq. "provides the exclusive civil procedures for the United States...(1) to recover a judgment on a debt." 28 U.S.C. § 3001(a) and (b). Section 3002(3)(B) of Title 28 U.S.C. of the United States Code defines "debt" as "an amount that is owing to the United States on account of a ...fine, assessment, penalty...but that is not owing under the terms of a contract originally entered into by only persons other than the United States." 28 U.S.C. § 3002(3)(B). And the FDCPA defines "United States" to include "an agency, department, or other entity of the United States." 28 U.S.C. § 3002(15)(B). Plaintiff correctly submits that the "debt" owed the United States by Defendant is a civil penalty assessed against Defendant for violating the Commercial Transportation of Equine for Slaughter Act, 7 U.S.C. § 1901 note ("CTESA") and the regulations promulgated in support of that act, 9 C.F.R. § 88, et seq. ("Regulations"). ECF Dkt. #20-1 at 6. Neither the CTESA nor the Regulations specify procedures for recovery. Accordingly, the Court should find that the FDCPA applies.

Plaintiff further asserts that the proper standard of review for this Court to use in determining whether it appropriately imposed the civil penalty for violation of the CTESA and the Regulations is that of substantial evidence. ECF Dkt. #20-1 at 6. Plaintiff cites to section 706 of Title 5 of the Administrative Procedure Act ("APA"), indicating that because neither the CTESA nor the Regulations sets forth a level of review, the APA applies. *Id*. Section 706(2) of Title 5 of the United States Code requires that a reviewing court "hold unlawful and set aside agency action, findings and conclusions found to be - - (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or...(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute." 5 U.S.C. § 706(2)(E). It further states that the court must review the whole record or those parts cited by a party, taking into consideration the rule of prejudicial error. 5 U.S.C. § 706. Sections 556 and 557 of Title 5 discuss the administrative procedure regarding notice, hearings and a record to be made, as well as the requirements of adjudications by administrative agencies. 5 U.S.C. §§ 556,

557. Section 556(d) of Title 5 specifically provides that "[a] sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence." 5 U.S.C. § 556(d). In this case, Defendant was entitled to a hearing on the administrative complaint filed against him pursuant to the Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary [of Agriculture]("Rules of Practice"), which governs adjudicatory proceedings under the CTESA and its Regulations. *See* 7 C.F.R. § 1.131(b)(5).

Plaintiff refers the Court to *United States v. Chotin Transportation, Inc*., 649 F.Supp.356 (S.D. Ohio 1986) as support for a finding that de novo review is not appropriate and that substantial evidence is the appropriate standard of review. ECF Dkt. #20-1 at 7. In *Chotin*, the federal district court for the Southern District of Ohio quoted the United States Supreme Court's holding in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971) with regard to determining when de novo review of an agency's decision was appropriate. 649 F.Supp. at 360. The United States Supreme Court held that de novo review was appropriate under 5 U.S.C. § 706(2)(F) in only two instances. The first is when the "agency action is adjudicatory in nature and the agency factfinding procedures are inadequate." *Volpe*, 401 U.S. at 415. The second is "when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action." *Id*.

Neither of the instances recited by the Supreme Court in *Volpe* apply in the instant case, thus rendering de novo review inapplicable. Here, the agency factfinding procedures were adequate in that Defendant was entitled to a hearing on the administrative complaint filed against him pursuant to the Rules of Practice, which govern adjudicatory proceedings under the CTESA and its Regulations. *See* 7 C.F.R. § 1.131(b)(5). Further, no issues were raised in a nonadjudicatory agency action that were not before the agency. Accordingly, the undersigned recommends that the Court find that de novo review does not apply.

The second issue involves the application of the substantial evidence standard. Plaintiff cites to *Chotin*, asserting that this Court should apply the substantial evidence standard to the instant case. In *Chotin*, the Coast Guard had imposed civil penalties against the defendant under the Federal

-6-

Water Pollution Control Act after finding that the defendant-shipper had discharged oil into navigable waterways on two occasions in harmful amounts. *Chotin*, 649 F.Supp. at 360. The federal district court for the Southern District of Ohio first applied the substantial evidence standard of 5 U.S.C. § 706(2)(E), finding that the record provided substantial evidence to uphold the Coast Guard's findings that the oil spills occurred, the defendant was liable for the spills and the spills were harmful. *Id*. The court cited the Supreme Court's interpretation of substantial evidence, concluding that it had to find in the record "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*., quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). Upon finding that substantial evidence existed in the record with which to support the Coast Guard's determination that the defendant was liable and the oil spills were harmful, the court undertook an arbitrary and capricious standard of review. *Id*. at 361-362. The *Chotin* court quoted the United States Supreme Court's holding in *Bowman Transportation, Inc.v. Arkansas-Best Freight System, Inc*., 419 U.S. 281, 285, 95 S.CT. 438, 442, 42 L.Ed.2d 447 (1974) regarding the application of this standard:

> Under the "arbitrary and capricious" standard the scope of review is a narrow one. A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." ... The agency must articulate a "rational connection between the facts found and the choice made." ... While we may not supply a reasoned basis for the agency's action that the agency itself has not given, ... we will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned.

*Chotin*, 649 F.Supp. at 362, quoting *Bowman*, 419 U.S. at 285. The *Chotin* Court noted that review under the arbitrary and capricious standard was also limited to the administrative record. 649 F.Supp. at 362. In determining whether the civil penalties issued by the Coast Guard in *Chotin* was arbitrary and capricious, the *Chotin* Court applied *Bowman*, explaining:

> In reviewing the decisions of the Coast Guard to impose the $1,500 and $3,600 civil penalties under the arbitrary and capricious standard, the Court must determine whether the Coast Guard considered the relevant factors and whether there was a clear error of judgment. If the agency has articulated a rational connection between its findings and the assessment of the penalty in the record, the inquiry is at an end. Review is limited to the administrative record. And the actions of the agency in other cases are completely irrelevant under this standard of review.

*Id.* The Southern District of Ohio elaborated on the standard of review as to civil penalties in

-7-

*Huffer v. Herman*, 168 F.Supp.2d 815, 821 (S.D. Ohio 2001), holding that

> [t]he Court's review of Defendants' decision to impose the civil penalty is fairly narrow and this Court is not "empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), overruled on unrelated grounds by *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The agency's action may not be set aside unless it is "unwarranted in law or ... without justification in fact." *Butz v. Glover Livestock Commission Co., Inc.*, 411 U.S. 182, 185-86, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973).

The undersigned recommends that the Court first find that substantial evidence supports the Secretary of Agriculture's findings in the instant case. The USDA filed the administrative complaint against Plaintiff on March 11, 2008. ECF Dkt. #19 at 6. It indicated that the USDA had reason to believe that Defendant violated the CTESA and its Regulations and that the complaint was issued under the Rules of Practice. *Id.* The complaint outlined the allegations against Defendant. *Id.* Enclosed with the complaint was a letter from the USDA Hearing Clerk which indicated that a complaint had been filed and included the complaint and a copy of the Rules of Practice. ECF Dkt. #19 at 33. The letter further indicated that Defendant had twenty days to file a written answer to the complaint and if he did not, he would be admitting the allegations in the complaint. *Id.*

Defendant failed to answer the administrative complaint. On April 8, 2008, the USDA sent Defendant a letter informing him that it had not received his answer to the complaint. ECF Dkt. #19 at 61. Defendant's failure to answer the administrative complaint resulted in a waiver of a hearing and an admission to the allegations in the administrative complaint. ECF Dkt. #20-1 at 8; 7 C.F.R. § 1.136(c). The USDA ALJ issued a decision and order pursuant to section 1.139 of the Rules of Practice Governing Formal Adjudicatory Proceedings, 7 C.F.R. § 1.139, adopted the allegations in the administrative complaint based upon Defendant's default and concluded that the violations were so serious and Defendant's culpability so great that the maximum civil penalty of $5,000.00 per violation should be imposed. ECF Dkt. #1-1 at 2-24. The Judicial Officer thereafter reviewed the USDA ALJ's decision, accepted Defendant's appeal petition as timely filed, but rejected its assertions because they were nothing but late-filed denials of the allegations in the complaint, to which Defendant had failed to timely respond when he failed to file his answer to the administrative complaint. ECF Dkt. #1-2 at 29-30. The Judicial Officer therefore adopted the findings of fact of

the ALJ and the $162,800.00 civil penalty that she had imposed, but rejected the ALJ's cease and desist order. *Id.* at 30. The Judicial Officer noted that Defendant did not appeal the sanction imposed by the ALJ, but merely sought to deny the findings of fact from the ALJ's decision. *Id.*

Defendant thereafter moved for the Judicial Officer to reconsider his decision, which he did. ECF Dkt. #1-3. The Judicial Officer addressed each of Defendant's four assertions and rejected them. *Id*. Defendant's first argument asserted that he was entitled to a hearing on the allegations. *Id*. at 2. The Judicial Officer explained that Defendant was originally entitled to a hearing as to the administrative complaint, but waived that right and admitted the allegations after failing to file an answer upon being served with the complaint and the rules of practice applicable to the proceedings against him, as well as a warning letter. *Id*. The Judicial Officer addressed Defendant's remaining assertions and rejected them as well. *Id*. at 3-5.

The undersigned recommends that the Court find substantial evidence to support the Secretary of Agriculture's decision that Defendant violated the CTESA and its regulations based upon the APA and the proper following of its procedures in this case.

The undersigned further recommends that the Court find that the Secretary of Agriculture's imposition of the civil penalties in this case was not arbitrary and capricious. A rational connection between the findings of the Secretary of Agriculture and the assessment of the penalty in the record exists, especially in light of the facts that Defendant did not challenge the penalties at the administrative level and does not challenge them here by way of a response to the motion for summary judgment. The penalty provision of the CTESA, 9 C.F.R. § 88.6, provides that the Secretary of Agriculture may assess civil penalties up to $5,000.00 per violation for each violation of the regulation and further provides that each equine that was transported in violation of the CTESA and its regulations constitutes a separate violation subject to the penalty. 9 C.F.R. § 88.6. The decision and order of the Judicial Hearing Officer of the Secretary of Agriculture reviewed the numerous factual findings and concluded that based upon the numerous serious violations by Defendant, the maximum penalty per violation should be imposed. ECF Dkt. #1-2, 1-3. Based upon a review of the findings of fact and conclusions of law, as well as the relevant statute and regulations, the undersigned recommends that the Court find that the imposition of the civil penalty

was not arbitrary and capricious.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, the undersigned recommends that the Court GRANT Plaintiff's motion for summary judgment (ECF Dkt. #20), ISSUE JUDGMENT in favor of Plaintiff and ORDER Defendant to pay the judgment in the amount of $172,621.66, which includes the principal sum of $162,800.00 from the civil penalty, the delinquent penalty of $6,294.33 for failure to pay within ninety days which accrued from March 16, 2009 to November 3, 2009, and interest of $3,527.33, plus the costs of this suit and additional interest that has accrued as of the date of this Court's judgment.

DATE: September 29, 2010  */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).